UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KEVIN J. MILLS,**

    **Plaintiff/Counterclaim Defendant,**

v.                                           Case No. 3:09cv294-MCR/MD

**INNOVATIVE ENERGY GLOBAL,
LTD.,**

    **Defendant/Counterclaim Plaintiff**.
_____/

**O R D E R**

Pending before the court are the motion to remand (doc. 14) and motion for separate trial (doc. 22) of the plaintiff/counter-defendant, Kevin J. Mills.  The defendant/counter-plaintiff, Innovative Energy Global, Ltd. ("Innovative Energy"), opposes both motions (docs. 18 & 25).  Having considered the motions, the pleadings, the notice of removal, and the parties' arguments, the court DENIES both motions.

**Background**

This is a contract dispute regarding the validity of, or right to rescind, an employment agreement between Mills, a Florida resident, and Innovative Energy, a United Kingdom company.  Mills originally brought a two-count complaint against Innovative Energy in the Circuit Court for Santa Rosa County, Florida, in which he sought an order declaring the employment agreement invalid and rescinding the contract on the ground that Innovative Energy did not pay him an annual salary of $250,000, in accordance with the employment agreement.  Innovative Energy removed the case to this court on July 10, 2009 (doc. 1), on the basis of diversity jurisdiction, *see* 28 U.S.C. §§ 1332, 1441; alleging diversity of citizenship and that the contract salary of $250,000, as well as the value of certain

intellectual property rights governed by the contract, far exceed the amount in controversy requirement. Innovative Energy's notice of removal and accompanying papers represent that Mills' interest in the intellectual property rights are the true reason for this litigation and Innovative Energy values them in excess of a million dollars. Mills moved to remand the case to state court, arguing that, because the state-court complaint seeks only contract rescission and equitable relief, not monetary damages, the notice of removal fails to establish the requisite amount in controversy to sustain diversity jurisdiction.

Mills then filed a motion requesting a separate expedited final hearing to determine the issue of nonpayment under the contract because, he asserts, the contract rescission issue is determinative of whether there is a sufficient amount in controversy. He reasons that if he is entitled to rescind the contract for nonpayment, then the amount in controversy is not met because the value of the suit is equitable only. Mills does not claim to be litigating the patent rights, but he nonetheless justifies his request for an expedited hearing by asserting that both parties' counsel have reasonable concerns that a delay may impair the value of patent rights, resulting in prejudice. Innovative Energy opposes an expedited joint hearing on rescission and the amount in controversy, arguing it is clear from the pleadings and the plaintiff's motion for separate trial that the ownership of the intellectual property rights is in fact the object of this litigation and that the notice of removal papers include sufficient proof that the intellectual property is worth several million dollars.

**Discussion**

A federal court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the citizenship of the parties is diverse.[1]  28 U.S.C. § 1332(a). Removal statutes are to be construed narrowly, with jurisdictional uncertainties resolved in favor of remand to state court. *See, e.g., Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Where the plaintiff has not pled a specific amount of damages, the party removing the case, as the proponent of subject matter jurisdiction, bears the burden of persuasion

---

[1] There is no dispute in this case regarding diversity of citizenship.

to demonstrate by a preponderance of the evidence that the amount in controversy requirement is satisfied. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 2877 (2008). Courts look to the initial complaint and the notice of removal to determine whether jurisdiction is established. *Id*. at 1210; *see also Miedema*, 450 F.3d at 1330; *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Courts cannot look past the complaint to the merits of a defense that has not yet been established. *Johns-Manville Sales Corp. v. Mitchell Enters., Inc.*, 417 F.2d 129, 131 (5th Cir. 1969).[2] In determining the amount in controversy for purposes of removal, although the value of the object of the litigation must be considered from the plaintiff's viewpoint, courts may properly consider the pecuniary consequences of the litigation to the plaintiff. *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elec., Inc.*, 120 F.3d 216, 219-20 (11th Cir. 1997). Further, where the complaint specifies no damages but disputes the validity of a contract, it is appropriate to consider not only the value of the contract but also the effect of a plaintiff's request for an injunction. *See Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).[3] "As a general rule, if the plaintiff seeks injunctive or declaratory relief, the plaintiff cannot defeat removal simply by characterizing the claim as one involving less than the requisite jurisdictional amount when the defendant informs the district court that the value of the interest to be protected by the relief sought exceeds the amount-in-controversy requirement." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725.3, at 167 (2009).

In the state-court complaint, Mills "seeks declaratory injunction relief declaring the [employment] Agreement invalid or void, and enjoining efforts to enforce it." (Doc. 1-1, Ex. A, ¶ 14.) The complaint references and attaches the employment agreement, which guaranteed Mills an annual base salary of $250,000. Mills contests the validity of that

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] *See Bonner,* 661 F.2d at 1209.

Case No. 3:09cv294-MCR/MD

agreement, and although he does not dispute its stated value, he does not seek payment according to its terms. Mills asserts therefore that from his viewpoint, the sole value of the controversy is equitable relief in the form of contract rescission, with a value of zero. In light of his request for injunctive relief enjoining all efforts to enforce the contract, however, and based on the following reasons, the court disagrees with Mills' valuation of the controversy.

The employment agreement details not only the salary promised to Mills, but also other rights between the parties. In relevant part, it provides that all inventions, ideas, or other "protected works" developed and produced during Mills' employment are the sole property of the company. Mills' submissions to this court tellingly demonstrate that the value of these rights are his main concern. (*See* doc. 22, claiming prejudice to the value of intellectual property rights as justification for his request for an expedited hearing regarding the amount in controversy.) Also, included in the notice of removal is a letter from Mills' attorney dated May 28, 2009, acknowledging "that certain elements of intellectual property (of which my client is the inventor), appear, in part, to be governed by a portion of the proposed agreement at issue" in the state court proceedings. (Doc. 1-4, Ex. D.) Consequently, the pecuniary value to Mills of enjoining Innovative Energy from enforcing the contract is in fact the value of the disputed intellectual property rights. Therefore, from Mills' viewpoint, the value of these rights is the proper measure of the amount in controversy. *See Ericsson*, 120 F.3d at 219-20; *Waller,* 296 F.2d at 547-48.

Considering the notice of removal and other papers "received by the defendant from the plaintiff," *Lowery*, 483 F.3d at 1213, the court finds by a preponderance of the evidence that the amount in controversy, i.e. the value of the intellectual property rights governed by the contract and the injunctive relief to Mills, exceeds the requisite jurisdictional amount.[4] The difficulty of valuing the intellectual property rights and injunctive relief at this stage does not preclude a finding that the jurisdictional amount is met where the relevant pleadings and papers remove the valuation from the realm of pure speculation. *See Jackson-Shaw Co.*

---

[4] The court has not considered the sworn declaration submitted with the notice of removal (or representations in the notice based on that declaration) because it was not a paper that the defendant received from the plaintiff or the state court. *See Lowery*, 483 F.3d at 1213 & n. 63.

Case No. 3:09cv294-MCR/MD

*v. Jacksonville Aviation Auth.*, 510 F. Supp. 2d 691, 715-16 (M.D. Fla. 2007), *aff'd*, 562 F.3d 1166 (11th Cir. 2009) (noting the injunctive relief sought must "produce benefits flowing to the plaintiff that are sufficiently measurable and certain to satisfy the amount in controversy requirement"). *Cf. Lowery*, 483 F.3d at 1215 (noting in the absence of factual allegations, "the existence of jurisdiction should not be divined by looking to the stars"). The benefits to the plaintiff in this case are sufficiently objectively measurable by the contract terms. Commonsense, not speculation, permits a conclusion that the value to Mills of enjoining enforcement of the contract and foregoing payment according to its terms is at least the objective value of the contract, which guaranteed him an annual salary of $250,000.[5] Therefore, the amount in controversy exceeds $75,000, and federal jurisdiction is properly invoked.

**Conclusion**

Accordingly, the plaintiff/counter-defendant's Motion to Remand (doc. 14) and Motion for Separate Trial as to Rescission for Nonpayment & Joint Evidentiary Hearing on Jurisdictional Amount (doc. 22) are DENIED.

**DONE AND ORDERED** this 15th day of October, 2009.

   s/ *M. Casey Rodgers*
   **M. CASEY RODGERS**
   **UNITED STATES DISTRICT JUDGE**

---

[5] Innovative Energy has informed the court that the intellectual property rights and the value to Mills of the injunctive relief he requests exceed the amount in controversy, and Mills has done nothing to persuade the court otherwise. He neither specifically denies it nor does he expressly assert that his share of any intellectual property rights should be valued at less than the jurisdictional amount.