UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN J. MILLS,
    Plaintiff,

vs.                                      CASE NO.:   3:09cv294/MCR/MD

INNOVATIVE ENERGY GLOBAL,
LTD., a United Kingdom limited
corporation,
    Defendant.
_____

### ORDER

Pending before the Court are defendant / counter-plaintiff Innovative Energy Global, Ltd.'s ("I.E. Global") motion to compel (doc. 39) and motion for protective order of confidentiality (doc. 56) and plaintiff / counter-defendant Kevin J. Mills' ("Mills") motion for protective order (doc. 40). I.E. Global contends certain documents are discoverable and Mills objects to the production on grounds the documents contain trade secrets or confidential information as defined in the agreement at issue between the parties. Mills also raised concerns over extraterritorial disposition of the documents. Having considered the motions, the pleadings and the parties' arguments at the February 9, 2010 hearing, the Court GRANTS the motion to compel, in part, and GRANTS and DENIES the respective motions for protective order, in part, subject to the conditions set forth below:

    1.    Within ten (10) days of the date of this Order, Mills shall provide to Alston & Bird as counsel for I.E. Global, under the terms of this Order, (a) a mirrored copy of the two (2) hard drives, and (b) the hard copy documents pictured in Exhibit F to I.E. Global's motion to compel and any other hard copy documents, that Mills previously withheld from copying on Mills' asserted grounds for protection (collectively, the "Protected Documents"). I.E. Global shall reimburse Mills for the cost of two (1) 1 Terabyte hard drives that Mills shall use to copy the Protected Documents.

2. Within ten (10) days of the date of this Order, GlynnTech, Inc. ("GlynnTech") shall produce to counsel for Mills copies of documents and computer files in its possession responsive to the December 18, 2009 subpoena issued to GlynnTech by I.E. Global (the "GlynnTech Documents"), which shall be considered Protected Documents subject to this Order. Mills, within ten (10) days of receiving the documents and files from GlynnTech, shall furnish a copy to Alston & Bird as counsel for I.E. Global.

3. Pending further Order or Judgment of the Court, the Protected Documents shall be used by the parties and counsel now of record only for the purposes of this litigation. No Protected Documents shall be copied nor the contents thereof be disclosed by Mills or his counsel, except as provided in this Order. No Protected Documents shall be copied nor the contents thereof be disclosed by Alston & Bird as counsel for I.E. Global to anyone other than staff employed or hired by them to assist in the litigation, including experts previously disclosed in this case, except as provided in this Order.

4. To the extent that Alston & Bird as counsel for I.E. Global in good faith believes that a Protected Document(s) should not be subject to this Order, Alston & Bird as counsel for I.E. Global may notify Mills of such belief. Mills shall promptly review the Protected Document(s) and determine whether the entire Protected Document contains information subject to this Order or whether only a portion of the Protected Document contains information subject to this Order. If Mills agrees with assessment of the Protected Document(s) by counsel for I.E. Global, the Protected Document(s) shall no longer be considered a Protected Document under this Order. In the alternative, Mills may redact the portion of the Protected Document(s) he believes contains information subject to this Order, after which the document as redacted shall no longer be considered a Protected Document under this Order. If the parties cannot agree on whether a Protected Document should be subject to this Order or which information in a Protected Document should be subject to this Order, the parties may submit the dispute to the Court for resolution.

Additionally, the mirrored hard drives produced by Mills pursuant to this Order may contain sensitive personal information and work product of Mills that pre-date

the subject of this dispute. Such information and work product shall not be provided to I.E. Global or its representatives without further Order of the Court.

5. Under no circumstances shall any copy of any Protected Document be furnished to, or the contents thereof disclosed by any means, to any person who is not physically resident within the United States and subject to jurisdiction in the United States. All copies of Protected Documents shall also remain within the United States. Other than employees of Alston & Bird as counsel for I.E. Global who shall be bound by the terms of this Order, any person with access to the Protected Documents shall first acknowledge and agree in writing to be bound by the terms of this Order, and to be subject to personal jurisdiction in the United States District Court for the Northern District of Florida.

6. Documents previously produced by I.E. Global to Mills in this case designated "Confidential" and any further such designated documents produced by either party shall be used only for purposes of this litigation. All copies of documents designated "Confidential" shall be returned to the producing party within thirty (30) days of the final conclusion of the case, subject to the further Order of the Court.

7. The terms of this Order do not apply to documents previously provided by Mills to I.E. Global in this case, with the exception that copies of such documents in the possession of Mills shall be used solely for purposes of this litigation.

8. This Order does not convey title or determine ownership of the Protected Documents. Nothing in this Order or done by the parties pursuant to this Order shall constitute an admission by the party, or shall be used as evidence, that any Protected Document contains trade secret information. The Final Dispostion and possession of the Protected Documents, and all copies thereof by whomever possessed shall be determined by the Court.

At Pensacola, Florida, this 22nd day of February, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE